Theodore J. SABOT, Plaintiff,
Appellant,

v.

UNITED STATES FEDERAL
BUREAU OF PRISONS,
Defendant, Appellee.

No. 07–1156.

United States Court of Appeals,
First Circuit.

Aug. 16, 2007.

Theodore J. Sabot, on brief, pro se.

Karen L. Goodwin, Assistant U.S. Attorney, and Michael J. Sullivan, United States Attorney, on brief, for appellee.

Before TORRUELLA, Circuit Judge, STAHL, Senior Circuit Judge, and HOWARD, Circuit Judge.

PER CURIAM.

Pro se appellant Theodore J. Sabot appeals from the dismissal of his suit under the Federal Tort Claims Act. We affirm.

The district court dismissed the suit because Sabot had not complied with a state-law precondition to suit that it deemed "substantive." *See McCloskey v. Mueller,* 446 F.3d 262, 266 (1st Cir.2006) (explaining that substantive state law applies in federal tort claims actions). In pertinent part, the state law effectively obliged medical malpractice plaintiffs—before filing suit—to have their case reviewed by a medical expert who was willing to testify that "the medical care did not comply with the applicable standard of care." Sabot never alleged that he had obtained the required review, nor did he challenge the fact that the review requirement was contained in a state rule of civil procedure.

On appeal, Sabot makes two arguments, but they are unavailing for the following reasons. First, the district court correctly rejected his contention that he was exempt from the review requirement because he could establish negligence under the common-law doctrine of res ipsa loquitur. Second, on the facts before it, the court properly concluded that Sabot's action was based on medical malpractice. On appeal, Sabot makes new fact allegations and suggests that he was actually pressing an administrative negligence claim. However, he has forfeited that argument because he failed to develop it adequately in the district court. *See In re Olympic Mills Corp.,* 477 F.3d 1, 17 (1st Cir.2007) (declining to consider an appellate argument because it was "fatally undeveloped" in the district court).

*Affirmed.*